**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000107
26-OCT-2012
10:20 AM**

NO. CAAP-11-0000107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRIAN PAUL SIMON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(North and South Kona Division)
(Case No. 3DTA-10-00395

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

        Defendant-Appellant Brian Paul Simon (Simon) appeals from the Judgment filed on January 27, 2011, in the District Court of the Third Circuit (District Court).[1] Simon was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (a)(3) (Supp. 2008).[2]

---

[1] The Honorable Joseph P. Florendo, Jr., presided.

[2] HRS § 291E-61(a)(1) and (a)(3) provide:

        (a) A person commits the offense of [OVUII] if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

        . . . .

        (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

On appeal, Simon argues that the District Court erred in: (1) denying his motions to suppress evidence and dismiss the case (Motions to Suppress/Dismiss) because the arresting officer violated Simon's right to due process by failing to note material facts in the police report; (2) failing to dismiss the amended complaint on the ground that Plaintiff-Appellee State of Hawai'i (State) failed to comply with the District Court's order to include the applicable subsections of HRS § 291E-61; and (3) failing to compel the State to permit Simon to make a copy of the operator's manual for the radar device used by the arresting officer, after the State permitted Simon to review the manual. We affirm.

I.

We resolve Simon's arguments on appeal as follows:

1.    Simon argues that the arresting officer violated Simon's right to due process by failing to document in the police report that the officer conducted a field Intoxilyzer test and also made a traffic stop of another vehicle en route to the police station after Simon's arrest.  Simon claims that the failure to document these matters violated his right to receive "evidence favorable to the accused" that is "material to guilt or punishment."  State v. Okumura, 78 Hawai'i 383, 401, 894 P.2d 80, 98 (1995); Brady v. Maryland, 373 U.S. 83, 87 (1963).  Simon argues that the District Court should have granted his Motions to Suppress/Dismiss based on the asserted due process violation.  We disagree.

The information regarding the field Intoxilyzer test and the traffic stop en route to the police station was not exculpatory and was not material to Simon's guilt or punishment. Indeed, the arresting officer suggested that results of the field Intoxylyer test were inculpatory.  The officer also testified that he did not rely on the field Intoxylzer test to establish probable cause for Simon's arrest, and a review of the record reveals that there was sufficient probable cause for Simon's arrest independent of any field Intoxylzer test.  Simon knew that

2

the arresting officer had made a traffic stop of another vehicle en route to the police station after Simon's arrest. Simon was able to question the arresting officer about this traffic stop and did not elicit information favorable to the defense.

Simon provides no authority to support the proposition that a police officer violates a defendant's due process rights by failing to document all relevant information in a police report. We conclude that the District Court did not err in denying Simon's Motions to Suppress/Dismiss.

2. The amended complaint tracks the language of the relevant portions of HRS § 291E-61. However, prior to trial, the District Court ordered and directed the State to further amend the amended complaint to include the relevant subsections of HRS § 291E-61. The State concedes that it failed to comply with the District Court's order. While we certainly do not condone the State's non-compliance, we conclude that the District Court did not err in failing to dismiss the charge based on the State's non-compliance. See Hawaiʻi Rules of Penal Procedure Rule 7(d) (2008) ("Formal defects, including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.").

3. Simon was charged with OVUII after he was stopped for speeding. Consistent with its discovery policy, the State permitted Simon to review the operating manual for the radar device used by the arresting officer to record Simon's speed prior to stopping him, but the State did not permit Simon to make a copy of the manual. We conclude that the District Court did not abuse its discretion in declining to compel the State to permit Simon to make a copy of the manual. See State ex rel. Marsland v. Ames, 71 Haw. 304, 313-18, 788 P.2d 1281, 1286-88 (1990) (holding in a non-felony case that the trial court exceeded its authority by ordering the State to disclose manufacturer's manuals for the Intoxilyzer device).

3

II.

We affirm the Judgment of the District Court.

DATED: Honolulu, Hawai'i, October 26, 2012.

On the briefs:

Robert D.S. Kim
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4